**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                     :
ALLEN WOLFSON,                       :   CIVIL ACTION NO. 08-3944 (MLC)
                                     :
      Plaintiff,                     :      O P I N I O N
                                     :
      v.                             :
                                     :
CONOLOG CORP., et al.,               :
                                     :
      Defendants.                    :
                                     :
```

**THE UNITED STATES DISTRICT COURT** for the District of Utah transferred to this Court this action ("Current Action") brought in 2005 to recover damages for breach of contract against the defendants, Conolog Corp. ("CLC") and CLC's president, Robert Benou.  (Dkt. entry no. 1, D. Utah Order; id., Compl.)[1]  The plaintiff pro se, who is incarcerated, applies for in-forma-pauperis ("IFP") relief under Section 1915 ("Application").  (See dkt. entry no. 7, Application.)  This Court will (1) grant IFP relief, and (2) deem the Complaint to be filed.[2]

---

[1] The Complaint cites 28 U.S.C. § ("Section") 1331, but sets forth no federal causes of action. (Compl. at 1.) There is subject matter jurisdiction under Section 1332, as, inter alia, (1) the plaintiff is a Utah citizen incarcerated in North Carolina, (2) CLC appears to be deemed to be a citizen of Delaware and New Jersey, and (3) Benou appears to be a New Jersey citizen.

[2] The filing fee in 2005 was $250. See 28 U.S.C. § 1914(a) (2004), amended by 28 U.S.C. § 1914(a) (2006). The docket for the District of Utah reveals that the plaintiff's inmate trust account has been assessed only $72 so far. (See Receipt, Wolfson v. Conolog Corp., No. 05-797 (D. Utah Dec. 6, 2005).) This Court will assess the remainder of the fee — $178 — from that account. See 28 U.S.C. § 1915(b).

**THIS COURT** may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This Court must construe this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff".  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**THE PLAINTIFF** brought the Current Action in the District of Utah in September 2005.  (See Compl.)  The plaintiff alleges in the Current Action that (1) the defendants entered into four agreements with him and entities controlled by him to pay to each entity 90,000 shares of CLC stock, for a total of 360,000 shares, (2) the plaintiff performed consulting work for the defendants in exchange, (3) the defendants failed to pay in full, despite the plaintiff's two separate requests for payment, and (4) he is owed $2,160,000.  (Id.)

**THE PLAINTIFF**, while the Current Action was pending in the District of Utah, brought an action in the United States District Court for the Southern District of New York ("New York Action") against CLC asserting the same claims in April 2008.  See Wolfson v. Conolog Corp., No. 08-3790, 2009 WL 465621, at *1 (S.D.N.Y.

Feb. 25, 2009). In August 2008, the District of Utah transferred the Current Action to this Court. (D. Utah Order.)

**THE COURT IN THE NEW YORK ACTION** — on February 25, 2009 — granted CLC's motion to dismiss the complaint therein pursuant to Federal Rule of Civil Procedure 12(b)(6) on the merits, but did so "without prejudice to reinstitution of the litigation based on a complaint that has been amended to incorporate facts sufficient to demonstrate plausibly" that "he is the assignee of the signatory entities' rights under the contracts", and thus "entitled to sue under the contracts". Wolfson v. Conolog Corp., 2009 WL 465621, at *3.

**THE CURRENT ACTION** is now barred by res judicata and collateral estoppel. This Court may sua sponte consider these affirmative defenses when reviewing claims in conjunction with an IFP application. See McMillian v. Trans World Airlines, No. 08-4449, 2009 WL 1396780, at *1 (3d Cir. May 20, 2009) (dismissing appeal from order sua sponte dismissing complaint on res judicata grounds under Section 1915); Britt v. United Steel Workers Local 2367, 319 Fed.Appx. 89, 90 (3d Cir. 2008) (affirming order sua sponte dismissing complaint for same); Agcaoili v. Wiersielis, 273 Fed.Appx. 138, 138-39 (3d Cir. 2008) (affirming judgment sua sponte dismissing complaint for same). Res judicata applies, as (1) the order in the New York Action is valid, final, and on the merits, (2) the parties in both actions are either the same or in

privity with each other, and (3) the claims in the Current Action arise from the same transactions or occurrences as the claims in the New York Action. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Collateral estoppel also applies, as (1) the identical issues were decided in the prior adjudication in the New York Action, (2) there was a final judgment on the merits issued therein, (3) the defendants here were either parties or in privity with parties to the prior adjudication, and (4) the plaintiff had a full and fair opportunity to litigate the issues in question. See Bd. of Trs. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

**THE PLAINTIFF** may only seek relief from determinations in the New York Action from (1) the district court Judge overseeing the New York Action, or (2) the Second Circuit Court of Appeals. See Fed.R.Civ.P. 60(b)-(c); Fed.R.App.P. 3-5; Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting that plaintiff must either move for reconsideration or seek appellate review to challenge district court decision, and may not seek relief before different district court judge in separate action).

**THIS COURT** will dismiss the Complaint in the Current Action for failure to state a claim based on the reasoning set forth by the Judge in the New York Action. However, this Court will do so — as did the Judge in the New York Action — without prejudice to

4

the plaintiff to (1) move to reopen the Current Action, and (2) annex to the motion a proposed amended complaint (a) alleging facts sufficient to plausibly demonstrate that he is an assignee entitled to sue under the contracts at issue, and (b) deleting the causes of action that have been already dismissed.  Again, the plaintiff must seek relief elsewhere, as directed above, if he wishes to continue to pursue his claims as they are currently drafted in the Complaint.  This Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper  
                                                    **MARY L. COOPER**  
                                                    United States District Judge

Dated:    September 17, 2009